David John LETT

v.

Thomas M. VOLATILE, Commanding Officer, Armed Forces Examining and Entrance Station, Philadelphia, Pennsylvania

and

Secretary of Defense, Pentagon, Washington, D. C.

Civ. A. No. 70-3387.

United States District Court, E. D. Pennsylvania.

July 9, 1971.

Richard A. Axelrod, Philadelphia, Pa., for petitioner.

Louis C. Bechtle, U. S. Atty., Robert N. de Luca, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, District Judge.

Petitioner seeks a writ of habeas corpus ordering his release from the Armed Forces, into which he was inducted in December, 1970, pursuant to an allegedly unlawful induction order. We held a brief hearing, at which petitioner's Selective Service file was offered in evidence and at which Lett was the only witness.

Lett was reclassified I–A by his Local Board in July, 1969, when his student deferment expired. He sought a personal appearance with the Board, but failed to appear on the date set because he was out of the country. Following that failure, his Local Board reopened his case and reclassified him I–A. Within 30 days thereafter, on September 27, 1969, Lett wrote the Board that he was appealing his classification because he objected in conscience to the war in Vietnam and because he was a full-time graduate student.[1] The Local Board reviewed his file and sent it to the appropriate Appeal Board, which voted 3–0 to classify Lett I–A in February, 1970. On March 16, 1970, the Local Board ordered Lett to report for induction April 1. On request, his induction was postponed until the end of the academic year. On May 10, 1970, petitioner sent a letter to the Board reaffirming his position as a "Selective Objector." Following one additional postponement, Lett requested Selective Service System (SSS) Form 150 for conscientious objectors on June 11, 1970. The Local Board again postponed Lett's induction, after receiving his completed Form 150, but then refused to reopen his classification because they found no change in circumstances over which he had no control. After another postponement, Lett was inducted into the Armed Forces in December, 1970, and immediately brought this action.

Petitioner's first contention is that the Local Board should have sent him SSS Form 150 before induction, and that its failure to do so invalidates the induction order. We recently held that where a Local Board is aware of a registrant's statement "which sufficiently approximates a prima facie claim of conscientious objection that the Local Board would have had to be aware that there was a substantial likelihood that he was a conscientious objector," it must send him a Form 150 under the applicable regulation, 32 C.F.R. 1621.11. United States v. Bowser, 327 F.Supp. 755 (E. D.Pa., filed June 7, 1971). Since the Supreme Court decided in Ehlert v. United States, 402 U.S. 99, 91 S.Ct.

---

1. See Appendix for the text of this letter.

1319, 28 L.Ed.2d 625 (1971), that local boards are required to consider only conscientious objector claims presented before a registrant is ordered for induction, the only relevant communication between Lett and his Local Board is that occurring before March 16, 1970. The only statement before then which related to conscientious objection was contained in his letter of September 27, 1969.

■ We must decide whether Lett's statements in that letter meet the test laid down in *Bowser*. The long paragraph dealing with his objection to the war in Vietnam focuses exclusively on reasons for morally opposing that war, with the possible exception of the reference to his belief that "a Supreme Being has established a fundamental law decrying the foisting of a will on a weaker nation by a stronger nation." The Supreme Court recently ruled that § 6(j) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 456(j), which is the only statutory authority for excusing conscientious objectors from combatant training and service, can bear only one meaning:

> " * * * [T]hat conscientious scruples relating to war and military service must amount to conscientious opposition to participating personally in any war and all war. * * * *"

Gillette v. United States, 401 U.S. 437, 443, 91 S.Ct. 828, 832, 28 L.Ed.2d 168, 176 (1971).

Lett's statements give no indication that his conscientious scruples against war extended beyond the Vietnam conflict or similar wars. In addition, he suggested in the letter that he might not conscientiously oppose personal participation in the Vietnam conflict when he said that he should be allowed to finish graduate school since he would then be "of greater value to the Armed Forces." We conclude therefore that Lett's statements before issuance of the induction order were not such as would apprise the Local Board that there was a "substantial likelihood that he was a conscientious objector." United States v. Bowser, *supra*. Thus, the Local Board did not err in failing to send Lett SSS Form 150.

Petitioner's second argument essentially amounts to a claim that regulations which result in a registrant's unwittingly losing any opportunity to have his conscientious objection claim heard on its merits either are unauthorized by statute or violate due process. He argues that SSS regulations,[2] as construed in *Ehlert, supra,* prevent a registrant from raising a conscientious objector claim before his Local Board once an induction order has been issued. Such is the case here. Lett also argues that military regulations[3] bar consideration by the armed forces of a request for discharge on grounds of conscientious objection if that conscientious objection existed but was not claimed before notice of induction. Therefore, Lett says, since he was a conscientious objector all along but did not realize that his beliefs amounted to conscientious objection until his Local Board sent him a Form 150, on request, nearly three months after his induction order, the regulations bar him from ever having his claim considered on its merits. This, he urges, defeats the statutory policy to exempt true conscientious objectors from combatant training and service.

■ We express no opinion as to the merits of this contention, but rather hold it must fail now because the issue

---

2. 32 C.F.R. § 1625.2 provides, in pertinent part:
   " * * * [T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has

been a change in the registrant's status resulting from circumstances over which the registrant had no control."

3. *See* Army Regulation No. 635–20(3) (b); Department of Defense Directive No. 1300.6 (IV) (B) (2).

is not ripe for decision. The United States Attorney argued at the hearing that the Army would hear Lett's claim on its merits if he seeks discharge as a conscientious objector. He suggested that the Army would treat someone who had become aware he was a conscientious objector only after receiving an induction order the same as someone whose conscientious objection had not crystallized until that time. If the government is correct in its view of what the Army will do, we would be making an unnecessary decision of statutory or perhaps constitutional issues were we to rule now on petitioner's second contention. *Cf.* Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 156, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (concurring opinion). If the Army will not hear Lett's claim on its merits when he presents it, he can return to this court for a decision on this argument.

■ Petitioner finally contends that he presented a prima facie claim for a Class III–A hardship deferment after he received his induction order. He argues that a local board must reopen a registrant's classification where such a prima facie case is made out unless it expressly finds and enters in the registrant's file that the requirements of the reopening regulation, 32 C.F.R. 1625.2, were not met. The deferment is available only to registrants whose induction would result in extreme hardship to a dependent, 32 C.F.R. 1622.30. The only instance where petitioner complained even tangentially of hardship to anyone other than himself came when he sought postponement of an induction order because his wife would otherwise have to close their St. Louis household by herself. We conclude that Lett never presented a prima facie claim for a hardship deferment.

## ORDER

And now, this 9th day of July 1971, it is ordered that the petition for a writ of habeas corpus be and it hereby is denied.

There is no probable cause for appeal.

## APPENDIX

David J. Lett
4355 Maryland Avenue
St. Louis, Missouri

Local Board #63
U. S. Court House
South Park Row & State Street
Erie, Pennsylvania 16501

Dear Sirs,

At this point I am, unfortunately, totally confused as to what my rights are under the current selective service system. At any rate I assume I have the right to appeal the most recent classification, that is I–A. I do not know at this time if I should be appealing to the Pennsylvania State Appeal Board, the Missouri State Appeal Board, or the National Appeal Board that acts for the President. As a result I am prevailing upon you to see that this appeal reaches the proper board of appeal.

You may refer to my most recent correspondence with local board #63 to understand why I was not present for a personal appearance that was scheduled for September 4, 1969.

I now find myself trying to convince a board of strangers why my classification should be changed, this is indeed a difficult task. The first reason that I must present to this board is that I object in conscience to the "War" in Vietnam, which is no war at all, yet over 30 thousand United States Soldiers were used as fodder to further this country's war effort. In the face of the Governments contradiction of philosophy for entering and continuing the war effort, which has ranged to the old obsolete Domino Theory to the propaganda stating that Americans would fight Communism in Asis (sic) before it reaches our shores. Even the way the United States became involved in this war leads one to suspect

**568**

the intentions of the "hawkish" policy makers that have controlled the destiny of this country. Why does the Government spend more to destroy one Viet Cong than it does to educate 73 American children. Why does the Government spend more on destroying Vietnamese soldiers involved in a Civil War than in destroying property, antiquated Welfare Laws, substandard housing and overcrowded conditions in the classrooms. One can go on and on pointing out ills of this country, rather, than trying to improve these United States which I feel I am trying to do. I object in conscience to this war for the reasons mentioned, but also because I believe that a Supreme Being has established a fundamental law decrying the foisting of a will on a weaker nation by a stronger nation. Also I believe that this country must reevaluate its value system and determine again what is important and what is worth living for. By speaking out, on such an important matter as this, I believe that in some small way I am helping to redirect America's goals and values and helping to right a wrong that has been perpetrated for too long at the expense of human lives and untold misery.

There is one last point that I would like to make, it is this: I am a registered full time student attending St. Louis University School of Social Service. I am also on full fellowship, being funded by the National Institute of Mental Health. I feel that I would be of greater value to the Armed Forces if I were to finish my Graduate School requirements, not to mention my improved ability to help the members of this society lead a more fulfilling and meaningful life through the profession of Social Work.

Sincerely,

/s/ David J. Lett

David J. Lett
September 27, 1969